## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JULIO SANCHEZ, as Personal Representative of the ESTATE OF DANIELA TESTA, Deceased, and as Next Friend of INEZ MARIA SANCHEZ, a minor, JULIO SANCHEZ, JR., a minor and INDELA GUTIERREZ PRADINES,** | ) ) ) ) ) ) | **Case No. 8:15CV142** |
| | ) | |
| **Plaintiffs,** | ) ) | **STIPULATED PROTECTIVE ORDER** |
| **vs.** | ) ) | |
| **HANKOOK TIRE CO., LTD.,** | ) ) | |
| **Defendant.** | ) ) | |

The parties to this Stipulated Protective Order have agreed to the terms of this Order.

Accordingly,

**IT IS ORDERED:**

1.      **Scope.**  All disclosures, affidavits, and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action, which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the state courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

Nothing in this Protective Order shall be deemed to preclude a party's rights to:  a) oppose discovery on grounds not addressed under the terms of this Protective Order, or b) object on any ground to the admission of any Confidential Information into evidence at trial.  Further, nothing contained in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Information sought.

2.      **Form and Timing of Designation.**   A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection, subject to protection under this Order, a photograph

thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL. Thereafter, any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced, which cannot itself be marked with the designation CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation, the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL as required under this Order and, thereafter, the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

3.      **Documents Which May be Designated CONFIDENTIAL**. Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information or records, education records, employment records, tax returns, social security earnings history, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

4.      **Inadvertent Failure to Designate**.  Inadvertent failure to designate any Document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen (15) days after discovery of the inadvertent failure.

5.      **Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation read into the record, the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order, pending receipt and review of the transcript. In such a circumstance, the parties shall review the transcript within thirty (30) days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter, only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

6.      **Protection of Confidential Material.**

(a)      **Protection of Documents Designated CONFIDENTIAL.**      Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever

other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity, except as set forth in subparagraphs (1)-(11) ("Authorized Persons"). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

(1) <u>Plaintiffs</u>. The Plaintiffs that are parties to this case and have substantially similar claims pending against another Hankook entity in District Court of Douglas County, Nebraska, Case No. CI 13 – 6327.

(2) <u>Outside Counsel of Record</u>. Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

(3) <u>Parties</u>. The parties and employees of a party to this Order, but only after such persons who are associated with the receiving party shall have completed the certification contained in "Attachment A", Acknowledgment and Agreement to be Bound;

(4) <u>The Court</u>. The court and court personnel, including any special master appointed by the court, and members of the jury;

(5) <u>Court Reporters and Recorders</u>. Court reporters, recorders, and videographers engaged for depositions;

(6) <u>Persons Creating or Receiving Documents</u>. Any person who authored or recorded the designated document, any person who has previously seen or was aware of the designated document, or a person who is presented with the document during deposition or trial for testimony purposes only and who does not retain a copy of the document.

(7) <u>Consultants, Investigators, and Experts</u>. Consultants, investigators, or any experts retained specifically in connection with this litigation by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in "Attachment A", Acknowledgment of Understanding and Agreement to be Bound.

(8) <u>Mediators</u>. Any mediator appointed by the Court or jointly selected by the parties.

(9) <u>Fact Witnesses</u>. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such

3

persons have completed the certification contained in "Attachment A".

(10)   <u>Independent Providers of Litigation Services</u>.   Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation, but only after such persons have completed the certification contained in "Attachment A", Acknowledgment and Agreement to be Bound

(11)   <u>Others by Consent</u>. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in "Attachment A", Acknowledgment of Understanding and Agreement to be Bound.

Authorized Persons shall not include any organization or entity that regularly maintains and/or disseminates documents or information (including abstracts or summaries), or any other documents as a service to its members, subscribers, or others.

**(b)     Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

Without written consent of counsel of record for the designating party or further order of this Court, Authorized Persons shall not provide access to Confidential Information to any competitor of the designating party (for example, entity involved in commercial research, development, production, testing, distribution, and sales of tires), or current employee of such competitor of the designating party or who, in the following two (2) years, expects to be an employee of such a competitor. Access to Confidential Information shall not be given to any person or entity not specifically described above, including to members of the general public.

**(c)     Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents, provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

**7.     Storage of Confidential Information**.   Authorized Persons shall maintain all Confidential Information in a secure location.  If Confidential Information is entered and stored on an electronic storage system, it will be secured by password protection to prevent unauthorized access or dissemination.

**8.    Filing of CONFIDENTIAL Documents under Seal**.   The Court highly discourages the manual filing of any pleadings or other papers under seal. To the extent that a pleading or other paper references an exhibit designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) Before any exhibit designated for protection under this Order is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document for protection under this Order to determine whether, with the consent of that party, the exhibit or a redacted version of the exhibit may be filed with the Court not under seal.

(b) Where agreement is not possible or adequate, an exhibit designated for protection under this Order shall be filed electronically under seal in accordance with the Electronic Case Filing procedures of this Court.

(c) Where filing electronically under seal is not possible or adequate, before an exhibit designated for protection under this Order is filed with the Clerk, it shall be placed in a sealed envelope marked CONFIDENTIAL, and the envelope shall also display the case name, docket number, a designation of what the exhibit is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the exhibit on the front of the envelope. A copy of any exhibit filed under seal shall also be delivered to the judicial officer's chambers.

(d) To the extent that it is necessary for a party to discuss the contents of any document designated for protection under this Order in a pleading or other paper filed with this Court, then such portion of the pleading or other paper shall be filed under seal. In such circumstances, counsel shall prepare two versions of the pleading or other paper: a public and a sealed version. The public version shall contain a redaction of references to CONFIDENTIAL documents. The sealed version shall be a full and complete version of the pleading or other paper and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading or other paper also shall be delivered to the judicial officer's chambers.

**9.    Challenges by a Party to a Designation for Protection under this Order**.   The designation of any material or document as Confidential Information is subject to challenge by any party or non-party with standing to object (hereafter "objecting party"). Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention within ninety (90) days of receipt of the designated Confidential Information.  If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. If the dispute is not resolved by agreement, the parties will jointly file correspondence with the Court that identifies the challenged material and each party's position pertaining to the challenged material, with a request for instruction from the Court on how to proceed.  Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**10.    Action by the Court.**   Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion in accordance with any

procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

**11.    Use of Confidential Documents or Information at Trial or Hearing.**  Absent order of the Court, all trials are open to the public, and there will be no restrictions on the use at trial of any document designated for protection under this Order.

**12.    Obligations on Conclusion of Litigation.**

**(a)    Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)    Return of Confidential Information**.  Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, counsel of record for each receiving party shall assemble and return to counsel for designating party all Documents designated as containing Confidential Information, including all copies,  direct quotes, translations, descriptions, summaries, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind of such Confidential Information, whether in the possession of counsel or any Authorized Person who gained access to the Confidential Information.  Accompanying the return of all Confidential Information, counsel for each receiving party shall provide to counsel for the designating party an executed Certification in the form attached as Attorney's Certification of Confidential Document Return, "Attachment B" and executed Expert's/Authorized Person's Certification of Confidential Document Return, "Attachment C" (executed by each expert and anyone else who had access to such Confidential Information).  If upon the review of the returned Confidential Information, counsel for record of the designating party concludes that not all of the Confidential Information produced by the designating party has been returned, counsel for the designating party will provide to counsel of record for the returning party a list of those records that were not returned.  If counsel of record for the returning party is unable to provide or locate those missing Documents, then counsel of record for the returning party shall execute an affidavit which states: (a) the identifying numbers of those Documents that counsel of record for the returning party was unable to return; (b) that counsel conducted a diligent and thorough search of all Authorized Persons who gained access to the Confidential Information through counsel of record for the returning party and counsel of record for the returning party was unable to find the identified Confidential Information; and (c) counsel of record for the returning party does not have said Confidential Information in his or her possession.  Such affidavit shall not relieve counsel for the returning party from their continuing obligation to return Confidential Information as set forth in this paragraph.

**(c)    Retention of Work Product**.  Notwithstanding the above requirements to return Confidential Information, counsel may retain attorney work product notes so long as that work product does not duplicate verbatim substantial portions of the text or images of designated Confidential Information. This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

(d)     **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed pursuant to the presiding judge's standing orders or other relevant orders and local rules.

14.     **No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection until such time as the Court may rule on a specific document or issue.

15.     **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

16.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If an Authorized Person  receives a subpoena or an order issued in other litigation that would compel disclosure of any material or Document designated in this action as Confidential Information, the Authorized Person  must so notify the designating party, in writing, immediately and in no event more than five business (5) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Authorized Person also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the Documents or material covered by the subpoena or order is the subject of this Order.  In addition, the Authorized Person must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging an Authorized Person in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the Authorized Person has in its possession, custody, or control Confidential Information by the designating party in this case.

17.     **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product**.  The inadvertent disclosure or production of any information or Document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be

considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or Document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or Document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or Documents to the producing party within ten (10) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or Document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.

**18.** **<u>Improper Disclosure</u>**. Should any Confidential Information be disclosed to any unauthorized person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order; (b) shall be identified immediately to counsel of record for the producing party; and (c) shall be directed, if within control of a party or his/her/its counsel, or otherwise asked, to sign the Acknowledgment and Agreement to be Bound ("Attachment A"). At the producing party's sole discretion, such unauthorized person may be required to surrender to the producing party all copies of Confidential Information that are in such unauthorized person's possession. The person or entity who caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Acknowledgment and Agreement to be Bound.

**19.** The Parties acknowledge that Plaintiffs have indicated opposition to this Order because it does not allow for the sharing of documents produced by Hankook Tire Co. Ltd. with similarly situated litigants. In the interests of moving forward with substantive matters in this case, Plaintiffs have agreed to execute this Order with the understanding that Plaintiffs specifically reserve the right to separately move the Court for modification of this Protective Order to broaden the definition of AUTHORIZED PERSONS. Hankook Tire Co. Ltd. reserves all rights to object to such modification. Plaintiffs specifically agree that all documents produced to them by Hankook Tire Co. Ltd. prior to a ruling by the Court on any motion to modify this Order that Plaintiffs may file in the future shall be kept confidential pursuant to the terms of this Order.

**IT IS SO ORDERED.**

**DATED September 8, 2015.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**

8

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JULIO SANCHEZ, as Personal** | ) | **Case No. 8:15CV142** |
| **Representative of the ESTATE OF** | ) | |
| **DANIELA TESTA, Deceased, and as Next** | ) | |
| **Friend of INEZ MARIA SANCHEZ, a** | ) | |
| **minor, JULIO SANCHEZ, JR., a minor** | ) | |
| **and INDELA GUTIERREZ PRADINES,** | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **HANKOOK TIRE CO., LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

### ATTACHMENT A
### ACKNOWLEGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nebraska in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name (Print): _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JULIO SANCHEZ, as Personal** | ) | **Case No. 8:15CV142** |
| **Representative of the ESTATE OF** | ) | |
| **DANIELA TESTA, Deceased, and as Next** | ) | |
| **Friend of INEZ MARIA SANCHEZ, a** | ) | |
| **minor, JULIO SANCHEZ, JR., a minor** | ) | |
| **and INDELA GUTIERREZ PRADINES,** | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **HANKOOK TIRE CO., LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ATTACHMENT B
### ATTORNEY'S CERTIFICATION OF CONFIDENTIAL DOCUMENT RETURN

The undersigned hereby acknowledges that he/she has returned to counsel for designating party all Documents designated as containing Confidential Information, including all copies, notes, direct quotes, translations, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind of such Confidential Information, whether in the possession of counsel or any Authorized Person who gained access to the Confidential Information.  The undersigned acknowledges that a failure to return all such materials constitutes a violation of the Protective Order, and may result in penalties for contempt of court.

Name (Print):  _____

Job Title:  _____

Firm/Employer:  _____

Business Address:  _____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JULIO SANCHEZ, as Personal** | ) | **Case No. 8:15CV142** |
| **Representative of the ESTATE OF** | ) | |
| **DANIELA TESTA, Deceased, and as Next** | ) | |
| **Friend of INEZ MARIA SANCHEZ, a** | ) | |
| **minor, JULIO SANCHEZ, JR., a minor** | ) | |
| **and INDELA GUTIERREZ PRADINES,** | ) | **STIPULATED PROTECTIVE** |
| | ) | **ORDER** |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **HANKOOK TIRE CO., LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

_____

## ATTACHMENT C
## EXPERT/AUTHORIZED PERSON'S CERTIFICATION
## OF CONFIDENTIAL DOCUMENT RETURN

The undersigned hereby acknowledges that he/she has returned to _____, counsel for _____, all Documents designated as containing Confidential Information, including all copies, notes, direct quotes, translations, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind of such Confidential Information, whether in the possession of counsel or any Authorized Person who gained access to the Confidential Information. The undersigned acknowledges that a failure to return all such materials constitutes a violation of the Protective Order entered in this case, and may result in penalties for contempt of court.

Name (Print): _____

Job Title: _____

Employer/Organization : _____

Business Address: _____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____

11