IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIO SANCHEZ, as Personal Representative of the ESTATE OF DANIELA TESTA, Deceased; and as Next Friend of I.M.S., a minor, A.S., a minor, and J.S.J., a minor; and INELDA GUTIERREZ PRADINES,<br><br>Plaintiffs,<br><br>v.<br><br>HANKOOK TIRE CO., LTD.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 8:15CV142<br><br>ORDER AMENDING FINAL SCHEDULE FOR PROGRESSION OF CASE |

This matter comes before the court on the Unopposed Motion to Amend Order Setting Final Schedule for Progression of Case (Filing No. 56) and Defendant's Amended Motion to Amend Order Setting Final Schedule for Progression of Case (Filing No. 60). The parties' initial motion requested extension of certain deadlines, including the summary judgment deadline, which would have required moving the final pretrial conference and trial dates. After contact from the court, none of the parties consented to moving the trial date. Therefore, Defendant filed an amended motion omitting the request to extend the summary judgment deadline. After careful consideration and for good cause shown, the court finds Defendant's Amended Motion to Amend Order Setting Final Schedule for Progression of Case (Filing No. 60) should be granted. Accordingly,

**IT IS ORDERED** that paragraph 4 of the Order Setting Final Schedule for Progression of Case (Filing No. 24) dated October 19, 2015, and paragraphs 2, 3 and 5 of the Order Amending Final Schedule for Progression of Case (Filing No. 47) dated April 22, 2016, are hereby amended as follows:

1. **Discovery Deadlines:**

    a. **Deposition Deadline**.  All depositions, whether or not they are intended

1

to be used at trial, shall be completed by **October 14, 2016**.

b. **Written Discovery Deadline**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be completed by **August 29, 2016**. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; any request to extend the deadlines of this order shall be sought by motion.

3. **Disclosure of Expert Witnesses**: Each plaintiff, counter-claimant, and cross-claimant shall, as soon as practicable but no later than **July 8, 2016**, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than **August 8, 2016** for liability experts and **September 15, 2016** for damages experts. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **September 30, 2016**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

4. **Pretrial Disclosures:** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall

serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

    a. **Nonexpert witnesses** – On or before **October 15, 2016**: The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    c. **Trial Exhibits** – On or before **October 15, 2016**: A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

5. **Motions in Limine.**

    a. Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999) and *Daubert v. Merrell-Dow Pharmaceuticals,* 509 U.S. 579 (1993), shall be filed no later than **September 20, 2016**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

    b. Any other motions in limine shall be filed on or before **September 15, 2016**.

The October 24, 2016, pretrial conference and the November 15, 2016, trial dates will remain as scheduled.

**IT IS FURTHER ORDERED** that the Unopposed Motion to Amend Order Setting Final Schedule for Progression of Case ([Filing No. 56](#)) is denied.

3

**DATED: August 18, 2016.**

**BY THE COURT:**

**s/ F.A. Gossett, III**
**United States Magistrate Judge**