# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIO SANCHEZ, as Personal Representative of the Estate of DANIELA TESTA, deceased, and as Next Friend of INEZ MARIA SANCHEZ, a minor, and JULIO SANCHEZ, JR., a minor, and INELDA GUTIERREZ PRADINES;<br><br>    Plaintiffs,<br><br> vs.<br><br>HANKOOK TIRE CO., LTD.;<br><br>    Defendant. | 8:15CV142<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiffs' Motion in Limine (ECF No. 67) and Defendant's Motions in Limine (ECF Nos. 68, 70, 72, 77). For the reasons discussed below, the Plaintiffs' motion will be granted in part; the Defendant's motions at ECF Nos. 68 and 72 will be granted; the Defendant's motion at ECF No. 70 will be granted in part; and the parties' request for a hearing on the Defendant's motion at ECF No. 77 will be granted.

**Plaintiffs' Motion in Limine**

Julio Sanchez, as personal representative of the Estate of Daniela Testa, deceased, and as next friend of I.M.S., a minor, A.S., a minor, and J.S.J., a minor, and Inelda Guitierrez Pradines ("Plaintiffs") move the Court to preclude Defendant Hankook Tire Co., Ltd. ("Hankook") from presenting evidence or argument in the following categories:

1. Any reference to the filing of the motion in limine, or any ruling on it.

2. The reading or presentation of objections or comments by lawyers made during depositions.

3. Any attacks on the integrity of Plaintiffs' counsel, or reference to alleged improper conduct of counsel during the course of litigation.

4. Any reference to pre-judgment or post-judgment interest on any award of damages, or any suggestion that the award may be increased or enhanced by operation of law.

5. Any attempt to invoke local prejudice against lawyers, parties, or witnesses who are not residents of Nebraska.

6. Any attempt to portray Plaintiffs' experts in a manner that does not fairly depict their appearance at the time of their depositions in this case.

7. Any reference to ownership or use of Hankook tires by fact witnesses, Hankook experts, Hankook employees, or Hankook counsel.

8. Any suggestion that the tire at issue in this case complied with, needed to comply with, or did not need to comply with Federal Motor Vehicle Safety Standards.

9. Any suggestion that Hankook was named as Defendant due to its financial ability to pay a judgment.

10. Inflammatory arguments.

11. Statistical data if lacking proper and sufficient foundation, or not timely disclosed.

12. Expert opinions, or materials relied upon by experts in reaching their opinions, if not timely disclosed.

13. Rulings from other trials or court proceedings, including *Daubert* proceedings.

After considering the Defendants' response to the Plaintiffs' motion, the Court concludes that all parties will be precluded, in limine, from presenting evidence or argument in the presence of the jury referencing the filing of motions in limine or the Court's ruling on them; reading or presenting objections or commentary of counsel made during depositions if such objections have been ruled upon by the Court prior to the presentation of the deposition testimony[1]; attacking the integrity of opposing counsel or making reference to alleged improper conduct by opposing counsel during the course of litigation; making reference to pre-judgment or post-judgment interest or any other enhancement that may apply to any award of damages; attempting to invoke local prejudice; depicting opposing expert witnesses in a manner that does not fairly represent their appearance at the time of their depositions; suggesting that Hankook was named as a defendant due to its ability to pay a monetary judgment; presenting statistical data lacking proper and sufficient foundation, or not timely disclosed; or presenting expert opinions, or materials relied upon by experts in reaching their opinions, if not timely disclosed.  The Plaintiffs' motion in limine otherwise will be denied, without prejudice to the assertion of objections at the time of trial.

**Hankook's Motions in Limine**

The Plaintiffs have not opposed three of Hankook's motions in limine (ECF Nos. 68, 70, and 72).  Accordingly, Plaintiffs will be precluded, in limine, from: presenting evidence or argument concerning accidents involving tires manufactured by third

---

[1] *See* NECivR 32.1(b).  The Order on Pretrial Conference will provide further guidance regarding the submission of deposition designations and objections.

parties, or other accidents involving Hankook tires; making any reference to liability insurance; eliciting hearsay evidence through expert testimony, or questioning experts about documents not produced during discovery; making reference to written expert, medical, or causation opinions or reports without proper and sufficient foundation; presenting testimony or other evidence about Troy Cottles's 2009 inspection of the Hankook manufacturing plant in Korea; inquiring of the jury during voir dire on matters related to jurors' willingness to award damages at specific levels; suggesting Hankook or its representatives lack compassion; referring to Hankook's ability to pay an award of damages, or any offers or negotiations to settle or compromise any claims; suggesting that the Plaintiffs or their representatives are acting in the interest of the community at large; or referring to any other lawsuits involving Hankook. Other matters raised in Hankook's omnibus motion in limine (ECF No. 70) are sufficiently addressed by other orders of this Court and the Federal Rules of Evidence.

     Plaintiffs have opposed Hankook's Motion to Exclude Testimony of Plaintiffs' Tire Expert, Troy Cottles (ECF No. 77). Hankook contends that Cottles's opinions do not satisfy the standards for expert testimony under Fed. R. Evid. 702, and as defined by the United States Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Specifically, Hankook contends that Cottles lacks scientific, technical, or other specialized knowledge that would help jurors understand the evidence or determine a fact at issue; his opinions are not based on sufficient facts or data; his opinions are not the product of reliable principles and methods; and he has not applied any principles or methods to the facts of this case in a reliable manner. The parties have submitted

extensive indexes of evidence in support of their respective positions (ECF Nos. 79, 82, 83, 84, 91, 92, 103, 104) and both the Plaintiffs and Hankook request a formal hearing to determine whether Cottles's opinions are admissible under *Daubert* standards. The Court will grant the parties' request for a hearing to determine the admissibility of Cottles's opinions.

Accordingly,

IT IS ORDERED:

1. The Plaintiffs' Motion in Limine (ECF No. 67) is granted in part as follows:

   All parties are precluded, in limine, from presenting evidence or argument in the presence of the jury referencing the filing of motions in limine or the Court's ruling on them; reading or presenting objections or commentary of counsel made during depositions if such objections have been ruled upon by the Court prior to the presentation of the deposition testimony; attacking the integrity of opposing counsel or making reference to alleged improper conduct by opposing counsel during the course of litigation; making reference to pre-judgment or post-judgment interest or any other enhancement that may apply to any award of damages; attempting to invoke local prejudice; depicting opposing expert witnesses in a manner that does not fairly represent their appearance at the time of their depositions; suggesting that Hankook was named as a defendant due to its ability to pay a monetary judgment; presenting statistical data lacking proper and sufficient foundation, or not timely disclosed; or presenting expert opinions, or materials relied upon by experts in reaching their opinions, if not timely disclosed.

   The Motion is otherwise denied, without prejudice to the assertion of objections at the time of trial.

2. The Motion in Limine submitted by Defendant Hankook Tire Co., Ltd., at ECF No. 68 is granted, and Plaintiffs are precluded, in limine, from offering evidence or argument concerning, or making any reference to, accidents involving tires manufactured by third parties.

3. The Motion in Limine submitted by Defendant Hankook Tire Co., Ltd., at ECF No. 70 is granted in part as follows:

> Plaintiffs are precluded, in limine, from offering evidence or argument concerning, making any reference to, liability insurance; eliciting hearsay evidence through expert testimony, or questioning experts about documents not produced during discovery; making reference to written expert, medical, or causation opinions or reports without proper and sufficient foundation; presenting testimony or other evidence about Troy Cottles's 2009 inspection of the Hankook manufacturing plant in Korea; inquiring of the jury during voir dire on matters related to jurors' willingness to award damages at specific levels; suggesting Hankook or its representatives lack compassion; referring to Hankook's ability to pay an award of damages, or any offers or negotiations to settle or compromise any claims; suggesting that the Plaintiffs or their representatives are acting in the interest of the community at large; or referring to any other lawsuits involving Hankook.

The Motion is otherwise denied, without prejudice to the assertion of objections at the time of trial.

4. The Motion in Limine submitted by Defendant Hankook Tire Co., Ltd., at ECF No. 72 is granted, and Plaintiffs are precluded, in limine, from offering evidence of argument concerning, or making any reference to, other accidents involving Hankook tires.

5. The parties will contact the Courtroom Deputy, Mary Roundtree, at 402-661-7375, to schedule a hearing with respect to Defendant Hankook Tire Co., Ltd.'s Motion to Exclude Testimony of Plaintiffs' Tire Expert, Troy Cottles, in Limine submitted by Defendant Hankook Tire Co., Ltd., at ECF No. 77.

Dated this 13th day of October, 2016.

> BY THE COURT:
>
> s/Laurie Smith Camp
> Chief United States District Judge